UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOHN WILLIAM LINNIHAN, | No. 2:13-cv-02575 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN FOULK, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.      Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. ECF No. 16. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5  A complaint must contain more than a "formulaic recitation of the elements of a cause of
6  action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading
8  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
9  a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and
10 Procedure § 1216, pp. 235-35 (3d ed. 2004)). "[A] complaint must contain sufficient factual
11 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
12 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
13 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
14 reasonable inference that the defendant is liable for the misconduct alleged." Id.

15 In reviewing a complaint under this standard, the court must accept as true the allegations
16 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
17 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
18 the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

19 III.   Procedural History

20 Plaintiff commenced this action on October 17, 2013 by filing a letter in the Northern
21 District of California. ECF No. 1. While a civil action was opened, plaintiff was ordered to file
22 an actual complaint on the court-approved form by November 25, 2013. ECF No. 2. Even
23 though plaintiff failed to file any actual complaint, the case was transferred to this court on
24 December 10, 2013 because plaintiff was a prisoner at High Desert State Prison. ECF No. 10.[1]

---

[1] The transfer order incorrectly indicated that plaintiff filed a "complaint under 42 U.S.C. § 1983 alleging inadequate medical care." ECF No. 10 at 1. In his motion for the appointment of counsel, plaintiff correctly points out that this is not a case about inadequate medical care. ECF No. 16.

IV.     Allegations in Amended Complaint

     A.     First Amendment Right of Access to the Courts

While plaintiff's handwriting is difficult to decipher due to a stroke he suffered in 2009, the court understands from the allegations in the complaint that library staff at High Desert State Prison refused to provide a photocopy of plaintiff's 602 appeal form or his V.A. appeal forms. ECF No. 13 at 5. The court construes this claim to allege a violation of plaintiff's First Amendment right of access to the courts.

Prison inmates have a constitutionally protected right to access the courts in order to bring challenges to their criminal convictions and to the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354-55 (1996). "[A]side from their affirmative right to the tools necessary to challenge their sentences or conditions of confinement, prisoners also have a right, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process, 'to pursue legal redress for claims that have a reasonable basis in law or fact.'" Silva v. Di Vittorio, 658 F.3d 1090, 1102-03 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279 (7th Cir. 2004)). When a prisoner alleges such interference, he must demonstrate actual injury such as the inability to meet a filing deadline or to present a non-frivolous claim. Lewis, 518 U.S. at 348-49, 352-53 & n.3; Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) cert. denied, 132 S. Ct. 1823 (2012); Silva, 658 F.3d at 1102-03. Actual injury is a jurisdictional requirement and may not be waived. Nevada Dept. of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 349).

An "actual injury" is some specific "instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. Id.; see, e.g., Jenkins v. McMickens, 618 F.Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned too conclusory to support claim of denial of access to court). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. Lewis v. Casey, 518 U.S. at 354-55. An

4

impermissible hindrance might include the dismissal of a prisoner's action for failure to satisfy some technical requirement because of deficiencies in the prison's legal assistance program. Id. at 351.

Here, plaintiff has failed to identify an actual injury related to the denial of photocopies. With respect to the claim for V.A. benefits, plaintiff makes the generalized statement that this "make[s it] almost impossible for veterans at HDSP to get benefits." ECF No. 13 at 5. However, plaintiff provides no information about how his specific case was affected by the prison's failure to photocopy the requested documents. Id. The failure to photocopy plaintiff's 602 appeal forms has not hindered the present civil action, as the only information plaintiff is required to complete on the form § 1983 complaint is the appeal number, date, and the resulting administrative action. ECF No. 13 at 1-2. Plaintiff is not required to attach actual photocopies of the 602 appeals that were taken in order to exhaust his administrative remedies. Furthermore, plaintiff has not identified any other civil action that has been affected by the prison's failure to photocopy his administrative grievances. Accordingly, plaintiff's allegations fail to state a cognizable claim for a violation of his First Amendment right of access to the courts. However, plaintiff will be granted leave to amend to attempt to cure this deficiency.

      B.      <u>Legal Mail Interference</u>

Plaintiff also appears to contend that the mail room at HDSP is opening his legal mail. ECF No. 13 at 7. In support of this allegation, plaintiff provides the envelope addressed to a law firm that was sent out on August 27, 2013 and returned to him on September 7, 2013. ECF No. 13 at 46.

"A prison's pattern and practice of routinely opening inmate legal mail, outside of the inmate's presence, has been found to violate the Constitution. See <u>Bieregu v. Reno</u>, 59 F.3d 1445 (3d Cir.1995) (prison's "pattern and practice" of opening confidential legal mail outside of inmate's presence infringes upon inmate's First Amendment rights and access to the courts); <u>Muhammad v. Pitcher</u>, 35 F.3d 1081 (6th Cir.1994). However, the Ninth Circuit and other circuits have held that an isolated instance or occasional opening of inmate legal mail, outside of the inmate's presence, does not violate the Constitution. See <u>Stevenson v. Koskey</u>, 877 F.2d

5

1435, 1441 (9th Cir. 1989) (prison guard's opening of inmate's legal mail outside of the inmate's presence was, at most, negligence, and did not reach the level of intent necessary for constitutional violation); Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (isolated, single instance of opening incoming confidential legal mail does not support a constitutional claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening inmate legal mail "without evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access the courts, does not give rise to a constitutional violation").

In the instant case, plaintiff has alleged only one incident in which his legal mail was opened by unidentified prison authorities. This is not sufficient to state a constitutional violation that is cognizable. Accordingly, this allegation will be dismissed with leave to amend.

      C.     Administrative Grievance Procedures

To the extent that plaintiff alleges that his administrative grievances, or 602 forms, are being improperly screened or not answered by prison officials, this does not state a cognizable claim for relief.[2] ECF No. 13 at 8.

Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640; see also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Based on the lack of a constitutionally protected right to a specific prison

---

[2] Based on the difficulties in reading plaintiff's handwriting, the court is unable to discern what particular defendant(s) is involved in this allegation.

grievance procedure, this claim will be dismissed without leave to amend.[3]

V.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

---

[3] Here it is absolutely clear that the deficiency identified cannot be cured by amendment. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Therefore, leave to amend will not be granted as to this claim.

7

: 3. Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied.

4. Plaintiff's First Amendment and mail tampering allegations are dismissed with leave to file an amended complaint within thirty days from the date of the district judge's review of the instant findings and recommendations. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

IT IS FURTHER RECOMMENDED that plaintiff's alleged due process violation for the improper screening of his administrative grievances be dismissed without leave to amend for the reasons stated herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE